## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

BILLY JACK COURTRIGHT,              )
                                    )
            Petitioner,             )
                                    )
v.                                  )            Civil Action No. 5:21-00353
                                    )
WARDEN YOUNG,                       )
                                    )
            Respondent.             )

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Petition Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody (Document No. 1) and Memorandum in Support (Document No. 2). By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Petition, the undersigned finds and respectfully recommends that Petitioner's Petition should be dismissed.

### FACT AND PROCEDURE

**A.    Criminal Action No. 2:17-cr-00019:**

On September 23, 2009, Petitioner, and his wife Linda Courtright, were indicted in the United States District Court for the Middle District of Florida for one count of conspiracy to possess with intent to distribute oxycodone, the use of which resulted in death, in violation of 21 U.S.C. W 846 and 841(a)(1) and (b)(1)(C) (Count One); and one count of distributing, or aiding and abetting the distribution of, oxycodone, the use of which resulted in death, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (Count Two). United States v. Courtright, Case No. 8:09-cr-00443 (M.D.Fla. Nov. 14, 2010), Document No. 13. On April 16, 2010, the

United States filed a "Notice of Essential Elements, Penalties and Factual Basis" noting for both counts that "for a maximum sentence of life imprisonment to be applicable . . . , the United States must prove, beyond a reasonable doubt, that the use of oxycodone resulted in the death of Nicholas Lewis Block." Id., Document No. 65. The United States notified Petitioner that he faced "a statutory mandatory term of not less than twenty (20) years imprisonment up to a maximum of life imprisonment" for both counts. Id. Citing Apprendi v. New Jersey, 530 U.S. 466 (2000), the United States notified Petitioner that for a maximum sentence of life imprisonment to be applicable as to either count, the United States had to prove beyond a reasonable doubt, that the use of oxycodone resulted in the death of Nicholas Lewis Block. Id., p. 2. In support, the United States provided, in pertinent part, the following factual basis:

> After an autopsy, the medical examiner determined that Nicholas Block's cause of death was "Intoxication with Oxycodone, Alprazolam, and Cocaine[,]" that it was "highly likely that death would have occurred even in the absence of the alprazolam and cocaine (i.e. with oxycodone only)[,]" and that "death would have been unlikely in the absence of oxycodone (i.e. with alprazolam and cocaine only)."

Id. p. 3. On June 25, 2010, Petitioner pled guilty to Count Two of the Indictment. Id., Document Nos. 83 , 45, and 47. Paragraph 4 of the Plea Agreement provided the following:

> Under Apprendi v. New Jersey, 530 U.S. 466 (2000), a maximum sentence of Life imprisonment on Count Two may be imposed because the following facts have been admitted by the defendant and are established by this plea of guilty beyond a reasonable doubt: The use of the oxycodone distributed by the defendant resulted in the death of Nicholas Lewis Block.

Id., Document No. 83. On October 14, 2010, the District Court sentenced Petitioner to a total term of 324-months of imprisonment, to be followed by a five-year term of supervised release. Id., Document No. 99.

On October 19, 2010, Petitioner filed his Notice of Appeal. Id., Document No. 108. Petitioner's counsel filed a motion to withdraw appeal supported by an *Anders* brief asserting there

2

were no meritorious issues to appeal. Id., Document No. 131. By *per curiam* Opinion entered on November 8, 2011, the Eleventh Circuit affirmed Petitioner's conviction and sentence. United States v. Courtright, 446 Fed.Appx. 235 (11th Cir. 2011).

**B.      Instant Section 2241 Petition:**

On June 22, 2021, Petitioner, acting *pro se*, filed his instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Memorandum in Support.[1] (Civil Action No. 5:21-00353, Document Nos. 1 and 2.) In his Petition, Petitioner challenges the validity of his conviction based upon Burrage v. United States, 571 U.S. 204, 134 S.Ct. 881, 187 L.Ed.2d 715 (2014). (Document No. 1.) Petitioner explains that in Burrage, the Supreme Court narrowed the scope of the law and "made [Petitioner's] conduct non-criminal." (Id.) Petitioner claims that his "pre-plea attorney argued same matters as Burrage and was ruled against." (Id.) Petitioner states that he failed to previously raise the above issue because he "only recently became aware of Burrage v. United States." (Id.) Petitioner argues that he can satisfy all requirements of the "savings clause." (Document No. 2.) First, Petitioner contends that settled law established the legality of his conviction at the time of sentencing. (Id., pp. 4 – 6.) Second, Petitioner argues substantive law changed based upon Burrage and such establishes his actual innocence. (Id., pp. 7 - 10.) Petitioner asserts that the Supreme Court in Burrage "made a ruling on 21 U.S.C. 841(B)(1)(C) that substantively changed the interpretation of resulting in death or bodily injury." (Id.) Petitioner contends that Burrage held that "for the accused to be charged of the death results or serious bodily injury enhancement, the distribution of the accused must be a 'but for' cause of death." (Id.)

---

[1]   Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

3

Petitioner argues that "because the interpretation in <u>Burrage</u> has the effect of requiring proof of an element that was previously thought not required, the holding establishes that the current conduct on record is non-criminal under 21 U.S.C. 841(B)(1)(C) statute." (<u>Id.</u>) Specifically, Petitioner argues that <u>Burrage</u> requires the Government to prove that a defendant "(1) provided the drugs, and (2) the drug was the 'but for' cause of death." (<u>Id.</u>) Petitioner argues that the autopsy report of Nicholas Block indicates the "actual cause of death is intoxication with Alprazolam, Cocaine, and Oxycodone." (<u>Id.</u>) Petitioner contends that he is actually innocent because he was charged with distribution of only Oxycodone. (<u>Id.</u>) Finally, Petitioner states that he cannot meet the gatekeeping provisions of Section 2255 because the "new rule is not one of constitutional law." (<u>Id.</u>, pp. 11 – 15.) Petitioner explains that because his claim "rests on the holding of <u>Burrage v. United States</u>, a substantive statutory interpretation case, he cannot meet the gatekeeping provisions of § 2255." (<u>Id.</u>) Petitioner claims that "it is clear that <u>Burrage</u> is also retroactive on collateral review since it is substantive in nature." (<u>Id.</u>) Petitioner contends <u>Burrage</u> is substantive in nature because the decision narrows the scope of a criminal statute. (<u>Id.</u>) Accordingly, Petitioner concludes he can satisfy the requirements of the "savings clause" and this court should vacate his conviction and sentence. (<u>Id.</u>) As an Exhibit, Petitioner attaches a copy of the "Report of Autopsy" of Nicholas Block. (Document No. 2-1.)

By Order entered on July 7, 2021, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (<u>Id.</u>, Document No. 8.) On August 19, 2021, Respondent filed his Response to the Order to Show Cause. (<u>Id.</u>, Document No. 14.) Respondent contends that Petitioner's Petition is improper under Section 2241 and should be dismissed or construed as a Section 2255 Motion and transferred to the Middle District of Florida.

4

(Id.) Respondent first argues that Petitioner is improperly challenging the validity of his conviction, not the execution of his sentence. (Id.) Second, Respondent asserts that Petitioner cannot satisfy the requirements of the "savings clause." (Id.) Respondent explains that Petitioner's cannot satisfy the first prong of Jones because "he was not foreclosed from arguing the principle outlined in Burrage at the time he was convicted." (Id., pp. 6 – 10.) Respondent states that the Supreme Court did not overrule prior precedent and "no binding authority prevented Petitioner from arguing before the trial court that the United States must prove that the oxycodone he distributed and that the decedent ingested was the but-for cause of the death." (Id., p. 8.) Respondent further notes that Petitioner acknowledges that "prior to his guilty plea, his attorney 'argued the same matters as Burrage and was ruled against.'" (Id.) Respondent argues that "Petitioner cannot satisfy the second prong of Jones because under Burrage, the conduct for which he was convicted remains illegal." (Id., pp. 10 – 13.) Respondent explains that "[d]istribution of drugs resulting in death remains a violation of 21 U.S.C. § 841(b)(1)(C), and the record in Petitioner's underlying criminal case demonstrates that oxycodone was independently sufficient cause of the victim's death, satisfying the eventual requirement of Burrage." (Id.) Respondent, therefore, concludes that Petitioner cannot demonstrate that Section 2255 is inadequate or ineffective to test the legality of his detention. (Id.)

As Exhibits, Respondent attaches the following: (1) A copy of Petitioner's Indictment in Criminal Action 8:09-cr-00443 (Document No. 14-1.); (2) A copy of the "Notice of Essential Elements, Penalties, and Factual Basis" as filed in Criminal Action 8:09-cr-00443 (Document No. 14-2.); (3) A copy of Petitioner's Plea Agreement as filed in Criminal Action 8:09-cr-00443 (Document No. 14-3.); (4) A copy of the Docket Sheet for Criminal Action 8:09-cr-00443 (Document No. 14-4.); (5) A copy of the Eleventh Circuit's Judgement and *per curiam* Opinion

(Document No. 14-5.); (6) A copy of Petitioner's "Motion to Declare Title 21, U.S.C., § 841(b)(1)(C) Unconstitutional and Incorporated Memorandum of Law" as filed by trial counsel in Criminal Action 8:09-cr-00443 (Document No. 14-6.); (7) A copy of the District Court's Order denying Petitioner's "Motion to Declare Title 21, U.S.C., § 841(b)(1)(C) Unconstitutional and Incorporated Memorandum of Law" and "Motion to Dismiss Count One and Two of the Indictment for Failure to State an Offense" as filed in Criminal Action 8:09-cr-00443 (Document No. 14-7.); (8) A copy of the transcripts of Petitioner's Plea Hearing as conducted in Criminal Action 8:09-cr-00443 (Document No. 14-8.); and (9) A copy of the transcripts of Petitioner's Sentencing Hearing as conducted in Criminal Action 8:09-cr-00443 (Document No. 14-9.).

On September 10, 2021, Petitioner filed his first Reply. (Document No. 19.) Petitioner continues to argue that he is actually innocent of his conviction based upon Burrage. (Id.) Petitioner again points out that the "autopsy report clearly states that the cause of death is intoxication with Oxycodone, Alprazolam, and Cocaine." (Id.) Petitioner, therefore, argues that he is actually innocent because the medical examiner did not say "Oxycodone was the 'but-for' cause of the decedent's death." (Id.) Petitioner disagrees that he could have presented this argument during his underlying criminal proceedings because Burrage was decided in 2015 and Petitioner was convicted in 2010. (Id.) Petitioner further argues that his "guilty plea was unintelligent/unknowingly and therefore involuntarily because before Burrage the burden that needed to be proven was unclear." (Id.) Petitioner, therefore, requests that this Court grant him habeas relief or "remand the case back to the sentencing court." (Id.)

On September 14, 2021, Petitioner filed his second Reply. (Document No. 20.) Petitioner repeats the same arguments as in his first Reply. (Id.) Petitioner argues that because the use of the Oxycodone distributed by Petitioner was not independently sufficient to cause the victim's death,

Petitioner cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(B)(1)(C). (Id.) As Exhibits, Petitioner attaches the following: (1) A copy of the "Report of Autopsy" (Id., p. 11.); (2) A copy of Petitioner's arguments based on the drugs identified in the "Report of Autopsy" (Id., p. 12.); and (3) A copy of the Eleventh Circuit's *per curiam* Opinion (Id., p. 13.).

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore

appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and resulting sentence as imposed by the Middle District of Florida. Specifically, Petitioner alleges that his underlying conviction and sentence are invalid based upon Burrage. In Burrage, the United States Supreme Court held "where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." Burrage, 571 U.S. at 218-19, 134 S.Ct. at 892. Thus, the Supreme Court rejected the standard of "contributing-cause" and imposed a stricter standard of "but-for" causation. Id. Petitioner is clearly challenging the validity of his conviction and sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in

8

violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Petition as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Middle District of Florida. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Petition should not be construed and transferred as a Section 2255 Motion because his Petition construed as a Section 2255 Motion is untimely under the one-year limitation period of Section 2255(f) [2] and Petitioner sets forth no allegations supporting equitable tolling.[3]

---

[2] In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events: (1) "[T]he date on which the judgment of conviction becomes final;" (2) "[T]he date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;" (3) "[T]he date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "[T]he date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence." 28 U.S.C. § 2255(f). Considering the timeliness of Petitioner's Motion under Section 2255(f)(1), such is untimely. The Eleventh Circuit affirmed Petitioner's conviction and sentence on November 8, 2011, and his sentence became final 90 days later when he did not file a petition for writ of certiorari (February 7, 2012). On June 23, 2021, more than eight years and four months after the one-year period expired, Petitioner filed the instant Petition raising issues challenging his conviction and sentence. Considering the timeliness of Petitioner Motion under Section 2255(f)(2) and (4), there is no indication that either would apply to the circumstances of this case. Considering the timeliness of Petitioner's Motion under Section 2255(f)(3), the undersigned notes that Petitioner argues that *Burrage* applies retroactively because *Burrage* constitutes a new substantive decision that narrows the scope of a criminal statute by interpreting its terms. Assuming such an argument to be correct, Petitioner could have filed a timely Section 2255 Motion within one year after the Supreme Court issued its decision in *Burrage*. Petitioner, however, filed the above action (June 23, 2021) nearly 7 year and five months after the Supreme Court issued its decision in *Burrage* (January 27, 2014). The undersigned notes that Petitioner incorrectly relies upon Section 2255(h) when arguing that he could not have sought relief under Section 2255. Section 2255(h) involves the gatekeeping provisions for filing a second or successive Section 2255 motion. As noted above, Petitioner never filed an initial Section 2255 Motion.

[3] Petitioner states that he only recently learned of *Burrage*. Ignorance of the law, however, is not a valid basis for equitable tolling. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation).

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claim under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit extended the application of the savings clause to sentencing challenges. United States v.

10

Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[4] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt that Jones is still good law in this circuit." Id. at 427. In evaluating Petitioner's Section 2241 Motion, this Court applies Fourth Circuit procedural law and Eleventh Circuit[5] substantive law. Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019)("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted."); Bender v. Carter, 2013 WL 5636745, * 2 (N.D.W.Va. Oct. 15, 2013)(the substantive law of the court of conviction should apply to a Section 2241 Petition, but procedural law of the reviewing

---

[4] In Wheeler, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. United States v. Wheeler, 734 Fed.Appx. 892 (4th Cir. 2018); United States v. Wheeler, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:

> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not requested a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

Id. The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. Id., Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. Id., Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. Id., Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. United States v. Wheeler, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. United States v. Wheeler, 139 S.Ct. 1318 (2019).

[5] Petitioner was convicted in the Eleventh Circuit, therefore, the substantive law of the Eleventh Circuit controls.

11

court should govern its application), aff'd, 564 Fed.Appx. 694 (4th Cir. 2014). Thus, the substantive law of the Eleventh Circuit applies to decide the retroactivity question. See Gibson v. Warden, FCI McDowell, 2021 WL 969195, * 4 (S.D.W.Va.)(J. Faber)(retroactivity is a question of substantive law).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 is inadequate or ineffective such that he could resort to Section 2241. In support of his Section 2241 Petition, Petitioner argues that his underlying conviction and sentence should be vacated in light of Burrage. Petitioner, however, cannot satisfy the second prong of either the Jones or Wheeler test. Specifically, Petitioner has not established any substantive change in settled law occurring after the time period for filing a timely Section 2255 Motion that decriminalized the conduct of his conviction or invalidated the legality of his sentence.[6] Applying the substantive law of the court of conviction to decide the retroactivity question concerning Burrage, the undersigned finds that the Eleventh Circuit and district courts within the Eleventh Circuit have held that Burrage is not retroactive. Sosa v. United States, 769 Fed.Appx. 855, 858 (11th Cir. 2019); Alvarez v. Edge, 2020 WL 1493927, * 2 (S.D.Ga. March 24, 2020); United States v. Perez, 2020 WL 804267, fn. 5 (S.D.Fla. Feb. 18, 2020); Arnold v. Warden, 2018 WL 3237688 (N.D.Fla. 2018); Bernard v. Warden, 2015 WL 13311261, * 2 (M.D.Fla. June 29, 2015); United States v. Bourlier, 2014 WL 6750674, * 2 (N.D.Fla. Dec. 1, 2014). The undersigned recognizes that the Fourth, Fifth, Sixth, Seventh, and Eighth Circuits have held the

---

[6] Assuming Petitioner is correct in his argument that Burrage is retroactive, Petitioner could have filed a timely Section 2255 Motion within one year after the decision in Burrage. Thus, Petitioner could have pursued his Burrage claim in a timely Section 2255 Motion. See Abdullah v. Hedrick, 392 F.3d 957, 963 (8th Cir. 2004)(finding that a federal prisoner is prohibited from seeking habeas relief where the prisoner had "an unobstructed procedural opportunity to present his claim" through Section 2255); also see Pollock v. Kallis, 2021 WL 799460, * 3 (D.Minn. Jan. 13, 2021)(finding that Section 2255 was not inadequate or ineffective where petitioner had an earlier "unobstructed procedural shot" at asserting his Rehaif claim).

opposite by finding Burrage to be a retroactive substantive change in the law because it alters the range of conduct that the law punishes. See Young v. Antonelli, 982 F.3d 914, 918 (4th Cir. 2020), Santillana v. Upton, 846 F.3d 779, 783-84 (5th Cir. 2017); Harrington v. Ormond, 900 F.3d 246, 249 (6th Cir. 2018); Gaylord v. United States, 829 F.3d 500, 505 (7th Cir. 2016); Krieger v. United States, 842 F.3d 490, 499-500 (7th Cir. 2016); Ragland v. United States, 784 F.3d 1213, 1214 (8th Cir. 2015); but see Dixon v. Warden of FCI Schuykill, 647 Fed.Apx. 62, 64 (3rd Cir. 2016)(indicating that *Burrage* was not retroactive because it did not decriminalize the conduct for which a defendant could be convicted but merely applied *Apprendi* and *Alleyne*); Black v. Warden Fairton FCI, 693 Fed.Appx. 122, 124 (3rd Cir. 2017)(same). Although the majority of the Circuits addressing the above issue have determined that Burrage is retroactive, this Court must apply the law of the Eleventh Circuit which has held Burrage is not retroactive. Therefore, Petitioner cannot satisfy the second prong of either the Jones or Wheeler test.

Even assuming Burrage is retroactive, the undersigned finds that Petitioner cannot satisfy all prongs of either the Jones or Wheeler test. Specifically, Petitioner cannot establish that the conduct of which he was convicted is now deemed not to be criminal or that his sentence constitutes a fundamental defect. Prior to Burrage, the "death results" enhancement could be applied at sentencing based upon a preponderance of the evidence showing that the subject drug distribution contributed to the victim's death.[7] In Burrage, the Supreme Court held that a defendant cannot be held liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) where the use of a drug distributed by the defendant is not an independently sufficient cause of the

---

[7] As explained above, the United States filed a "Notice of Essential Elements, Penalties and Factual Basis" in the underlying criminal proceedings. (Document No. 14-2.) Specifically, the United States noted that "for a maximum sentence of life imprisonment to be applicable . . . , the United States must prove, beyond a reasonable doubt, that the use of oxycodone resulted in the death of Nicholas Lewis Block." (*Id.*)

13

victim's death or serious bodily injury unless the drug use is a but-for cause of the death or injury. Thus, the drug in question must have been the independent or "but-for" cause of the victim's death and such causation must either be made by a jury or admitted by the defendant. Petitioner argues that the cause of Nicholas Block's death in the underlying criminal action is questionable because the Autopsy Report revealed that he ingested other substances (alprazolam and cocaine) on the night of his death. As explained above, Petitioner pled guilty to distributing a quantity of a mixture and substance containing a detectable amount of oxycodone, the use of which resulted in death, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. (Document No. 14-3.) Specifically, Paragraph 4 of the Plea Agreement provided the following:

> Under Apprendi v. New Jersey, 530 U.S. 466 (2000), a maximum sentence of Life imprisonment on Count Two may be imposed because the following facts have been admitted by the defendant and are established by this plea of guilty beyond a reasonable doubt: ***The use of the oxycodone distributed by the defendant resulted in the death of Nicholas Lewis Block.***

(Document No. 14-3, p. 3.)(emphasis added). In his Plea Agreement, Petitioner further admitted to the stipulation of facts detailing the incident and cause of death as follows:

> On June 19, 2009, at 10:06 a.m. the Sarasota County 911 operator was notified of a death in room 107 at the Budge Inn Motel located at 14000 S. Tamiami Trail, North Port, Sarasota County, Florida. The room had been rented by BILLY JACK COURTRIGHT and was occupied by him, his wife LINDA COURTRIGHT, her son Nicholas Block, and the COURTRIGHT'S three other children. Upon arrival at the hotel, North Port Police Department (NPPD) detective discovered the dead body of Nicholas Block, a 15 year old minor, in room 107. After an autopsy, the medical examiner determined that Nicholas Block's cause of death was "Intoxication with Oxycodone, Alprazolam, and Cocaine[,]" that it was "highly likely that death would have occurred even in the absence of the alprazolam and cocaine (i.e. with oxycodone only)[,]" and that "death would have been unlikely in the absence of oxycodone (i.e. with alprazolam and cocaine only)." The investigation conducted by the NPPD determined that the night before Nicholas Block died, BILLY JACK COURTRIGHT had provided to Nicholas Block the oxycodone that he had used and that had resulted in his death.

(Id., pp. 14 – 15.) Petitioner further admitted that "the United States would be able to prove those

14

specific facts and others beyond a reasonable doubt." (Id., p. 14.) During the Plea Hearing, United States set forth the factual basis for Petitioner's plea. (Document No. 14-8, pp. 28 – 30.) The factual basis specifically included the statement that Petitioner admits he knowingly and intentionally "distributed Oxycodone to Nicholas Block on June 18th of 2009, which controlled substance Nicholas Block used and resulted in his death." (Id., p. 30.) Although Petitioner indicated that he disagreed with the factual basis to the extent is set forth his wife's involvement, Petitioner did not dispute his involvement. (Id., pp. 30 – 32.) Petitioner's claim that the Autopsy Report revealed Nicholas Block ingested other substances on the night of his death is inadequate to prove that the Oxycodone ingested by Block was not an independently sufficient cause of his death. Even applying the standard set forth in Burrage, Petitioner's conviction and sentencing enhancement are supported by the record. Petitioner, therefore, cannot satisfy all prongs of the Jones or Wheeler test. Based upon the foregoing, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Motion should be dismissed.

### **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Section 2241 Petition and Amended Petition (Document Nos 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days

(filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: April 19, 2022.

Omar J. Aboulhosn
United States Magistrate Judge

16